UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH M. RICHARDSON,

    Plaintiff,                         CIVIL ACTION NO. 09-13698

v.                                 DISTRICT JUDGE PAUL D. BORMAN
                                        MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's Motion for Summary Judgment should be GRANTED, and Plaintiff's Motion to Remand DENIED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of medium work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on January 25, 2006, alleging that he had become disabled and unable to work on September 22, 2003, at age 58, due to non-Hodgkin's lymphoma, connective tissue disorder, bilateral hearing loss, status post heart attack and status post right eye cataract extraction. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on July 23, 2008, before Administrative Law Judge (ALJ) James Alderisio. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of medium work that did not require any climbing of ropes, ladders or scaffolds. The ALJ concluded that the claimant should avoid both vibrating and hazardous machinery. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. Defendant has filed a Motion for Summary

Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 63 years old at the time of the administrative hearing (TR 76). He had been graduated from high school, and had been employed during the relevant past as a machine operator and bank courier (TR 79, 93). As a machine operator, Plaintiff did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 50 pounds on a regular basis (TR 85).

Claimant was diagnosed with non-Hodgkin's abdominal lymphoma in September 2003, and he had to quit his full time job as a machine operator because of poor eyesight[1] (TR 88). At the time of the hearing, however, he was employed as a part-time bank courier (TR 280). Claimant had been working 24 hours a week for the past five years[2] (TR 79). He lifted boxes weighing up to 50 pounds, and frequently walked a quarter mile without needing to rest (TR 80, 94, 106).

In a disability report, dated March 6, 2006, the claimant indicated that he worked well with supervisors, handled stress easily, and could adapt to changes in work routine (TR 107). Plaintiff was able to cook, make small repairs around the house, and care for his pet cats (TR 101-102). He mowed the lawn regularly, went grocery shopping, did the laundry and helped with the dishes (TR 103-104). Claimant declared that his impairments made it difficult for him to read small print, and that he sometimes had to lie down to relieve fatigue (TR 102).

---

[1] Plaintiff testified that later cataract surgery improved his eyesight (TR 281).

[2] The ALJ determined that the claimant had not earned enough money as a bank courier during the past five years to be disqualified from receiving disability benefits (TR 25).

**2**

A Vocational Expert, Luann Castellano, classified Plaintiff's past work as light to medium, unskilled activity (TR 283). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[3] (TR 284). If he were capable of medium work, however, there were numerous unskilled assembly, packaging and cleaning jobs that he could perform with minimal vocational adjustment (TR 284). These jobs did not involve climbing ropes, ladders or scaffolds. They did not expose the claimant to hazardous or vibrating machinery (TR 284).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of non-Hodgkin's lymphoma, connective tissue disorder, bilateral hearing loss, status post heart attack and status post right eye cataract extraction, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's combined impairments prevented him from climbing ropes, ladders or scaffolds. The ALJ also concluded that the claimant should avoid vibrating or hazardous machinery. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of medium jobs, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial

---

[3] The witness opined that, if claimant was required to lie down for most of the day, all work activity would be precluded (TR 284).

**3**

evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff, through counsel, does not challenge the Law Judge's residual functional capacity evaluation concerning his physical ability to perform the exertional demands of medium work. Instead, he argues that the Law Judge failed to fully and fairly develop the complete medical record at his pro se hearing.[4] Claiming that the treatment records from the Veteran's Administration (VA) Hospital (TR 220-273) submitted to the Appeals Council would have materially affected the Law Judge's decision to deny his disability benefits,

---

[4]Contrary to Plaintiff's assertion that the Law Judge failed to properly develop the medical record by failing to personally request updated treatment records, it is the claimant's duty to provide the medical and other evidence necessary to prove his disability. Her v. Apfel, 203 F.3d 388, 391 (6th Cir. 1999); 20 C.F.R. § 404.1512 (2009).

Plaintiff requested that this Court remand the instant action for further administrative consideration of the new and material medical evidence.

Defendant countered that the claimant retained the residual functional capacity for medium work activity because the objective clinical evidence of record did not confirm the disabling functional limitations stemming from the combination of his impairments. Defendant opposed a remand contending that the medical evidence submitted to the Appeals Council was neither new nor material, and that it is insufficient to warrant a remand.

DISCUSSION AND ANALYSIS

The Social Security Act and due process require that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits can be denied. 42 U.S.C. § 405 (b) (1983), Parker v. Califano, 644 F.2d 1199 (6th Cir. 1981). The ALJ must fully and fairly develop the record so that a just determination can be made. He is obligated to consider the record as a whole, since failure to do so undermines the Commissioner's conclusion. Lashley v. Secretary, 708 F.2d 1048, 1051 (6th Cir. 1983), Hurst v. Secretary, 725 F.2d 517, 519 (6th Cir. 1985). Thus, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." Gold v. Secretary, 463 F.2d. 38, 43 (2nd Cir. 1972).

I am persuaded that Plaintiff was properly informed of his right to representation at the administrative hearing, yet he voluntarily waived that right. At the July 2008 hearing, ALJ Alderisio asked Plaintiff whether he wanted to proceed in the absence of counsel (TR 277). The claimant responded that he did (TR 277). Plaintiff testified that he was aware of his right to representation, and stated that he desired to proceed on his own behalf (TR

277). Prior to the hearing, the SSA had sent the claimant a written notice[5] explaining his right to counsel. Therefore, Plaintiff was adequately advised of his right to representation prior to the July 2008, hearing. The fact that the claimant chose not to obtain an attorney prior to the hearing does render his subsequent waiver of the right to representation invalid.

Contrary to Plaintiff's assertion, the ALJ also developed the record through a conscientious probing of all relevant facts. A review of the hearing transcript demonstrates that the Law Judge questioned Plaintiff regarding his multiple impairments. The claimant was questioned about his past work experience, and the reasons why he stopped working. The ALJ inquired about his treatment, medications, daily activities and his estimated physical capabilities. Moreover, there is no indication what other information could have been elicited by further questioning of claimant that would have enhanced a determination of disability.

The record also included sufficient objective evidence for the ALJ to evaluate Plaintiff's allegations of debilitating symptoms and limitations. The medical evidence submitted to, and considered by, the Appeals Council showed that Plaintiff's physical condition improved, rather than worsened. For example, VA doctors reported in February 2009, that the claimant's "functional capacity [was] unlimited", and that his complaints of fatigue "appeared to be related to occupational exertion" rather than a medical condition (TR 223).

---

[5]The SSA notice informed Plaintiff that he had the right to representation by an attorney or other person of his choice, and that a representation could help him obtain evidence and question witnesses. Plaintiff was also informed that any fee charged by a representative would have to be approved by the SSA (TR 33, 37, 39-41).

Plaintiff fails to specify what additional pieces of evidence should have been included in the record, nor does he explain how any missing evidence would have changed the outcome of the ALJ's decision. The ALJ thoroughly reviewed the evidence presented in this case and adequately discussed his analysis of Plaintiff's case. I am persuaded that, under these circumstances, the Law Judge elicited sufficient information during the hearing to assess Plaintiff's disability claim. The claimant was not denied a full and fair hearing.

I conclude that Plaintiff's request to remand for further administrative proceedings to consider the treatment reports submitted to the Appeals Council should be denied as he has failed to show that the new evidence was material or submitted late with good cause. While the Plaintiff states that the ALJ did not allow him to submit records, he nonetheless submitted two VA decisions that were referenced by the ALJ and made part of the record (TR 199-219). The ALJ did not issue a decision until February 2009, more than seven months after Plaintiff made his first post-hearing submission. At no time during that period did the claimant indicate that he wished to submit additional medical evidence. Had the Law Judge been given the opportunity to review the medical reports first submitted to the Appeals Council, it is unlikely that he would have reached a different disposition of the disability claim since the evidence demonstrated that Plaintiff's complaints of pain and fatigue were alleviated with medications and that his overall functioning was only moderately impaired. Accordingly, Plaintiff's request for remand under sentence six of the Social Security Act should be denied.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to

find otherwise. Accordingly, Defendant's Motion for Summary Judgment should be GRANTED, and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: April 7, 2010

---

**CERTIFICATE OF SERVICE**

I hereby certify on April 7, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 7, 2010: **None.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217