UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH M. RICHARDSON,

    Plaintiff,

                             No. 09-13698

v.                                United States District Judge
                                Paul D. Borman

                                United States Magistrate Judge
                                Donald A. Scheer

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

OPINION AND ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S MOTION TO REMAND,
(2) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, AND
(3) DISMISSING THE ACTION WITH PREJUDICE

Before the Court are Plaintiff Ralph M. Richardson's Objections (Dkt. No. 21) to Magistrate Judge Donald A. Scheer's April 7, 2010 Report and Recommendation granting Defendant's motion for summary judgment and denying Plaintiff's motion to remand. (Dkt. No. 20). The Commissioner filed a response to Plaintiff's Objections on May 3, 2010. (Dkt. No. 22.)

The Court now reviews the Objections, Report and Recommendation, and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

I.        BACKGROUND

The Magistrate Judge's Report and Recommendation accurately sets for the relevant facts and proceedings and the Court adopts them here:

> Plaintiff filed an application for Social Security disability insurance benefits on January 25, 2006, alleging that he had become disabled and unable to work on September 22, 2003, at age 58, due to non-Hodgkin's lymphoma, connective tissue disorder, bilateral hearing loss, status post heart attack and status post right eye cataract extraction. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on July 23, 2008, before Administrative Law Judge (ALJ) James Alderisio. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of medium work that did not require any climbing of ropes, ladders or scaffolds. The ALJ concluded that the claimant should avoid both vibrating and hazardous machinery. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. Defendant has filed a Motion for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.
>
> Plaintiff was 63 years old at the time of the administrative hearing (TR 76). He had been graduated from high school, and had been employed during the relevant past as a machine operator and bank courier (TR 79, 93). As a machine operator, Plaintiff did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 50 pounds on a regular basis (TR 85).
>
> Claimant was diagnosed with non-Hodgkin's abdominal lymphoma in September 2003, and he had to quit his full time job as a machine operator because of poor eyesight. (TR 88). [fn 1: Plaintiff testified that later cataract surgery improved his eyesight (TR 281)] At the time of the hearing, however, he was employed as a part-time bank courier (TR 280). Claimant had been working 24 hours a week for the past five years (TR 79). [fn 2: The ALJ determined that the claimant had not earned enough money as a bank courier during the past five years to be disqualified from receiving disability benefits (TR 25)] He lifted boxes weighing up to 50 pounds, and frequently walked a quarter mile without needing to rest (TR 80, 94, 106).
>
> In a disability report, dated March 6, 2006, the claimant indicated that he worked well with supervisors, handled stress easily, and could adapt to changes in work routine (TR 107). Plaintiff was able to cook, make small repairs around the house, and care for his pet cats (TR 101-102). He mowed the lawn regularly, went grocery shopping, did the laundry and helped with the dishes (TR 103-104). Claimant declared that his impairments made it difficult for him to read small print, and that he sometimes had to lie down to relieve fatigue (TR 102).
>
> A Vocational Expert, Luann Castellano, classified Plaintiff's past work as light to

medium, unskilled activity (TR 283). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted. (TR 284). [fn 3: The witness opined that, if claimant was required to lie down for most of the day, all work activity would be precluded (TR 284)] If he were capable of medium work, however, there were numerous unskilled assembly, packaging and cleaning jobs that he could perform with minimal vocational adjustment (TR 284). These jobs did not involve climbing ropes, ladders or scaffolds. They did not expose the claimant to hazardous or vibrating machinery (TR 284).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of non-Hodgkin's lymphoma, connective tissue disorder, bilateral hearing loss, status post heart attack and status post right eye cataract extraction, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's combined impairments prevented him from climbing ropes, ladders or scaffolds. The ALJ also concluded that the claimant should avoid vibrating or hazardous machinery. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of medium jobs, as identified by the Vocational Expert.

Report and Recommendation, 1- 3. (Dkt. No. 20.)

## II. ANALYSIS

### A. Legal Standard

Where, as here, a magistrate judge has issued a report and recommendation and a party files timely objections to it, the district court conducts a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. 636(b)(1).

This Court has jurisdiction to review the Commissioner's denial of Plaintiff's disability benefits. *See* 42 U.S.C. § 405(g). But in reviewing that decision, the Court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the Comissioner's decision is limited to an inquiry into whether his findings were supported by substantial evidence and whether he employed the proper legal standards in reaching his conclusion.

3

*Barnard v. Sec'y of Health and Human Servs,*, 889 F.2d 679, 681 (6th Cir. 1989). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm:

> Under 42 U.S.C. § 405(g), the ALJ's findings are conclusive so long as they are supported by substantial evidence. [A court's] review is limited to determining whether there is substantial evidence in the record to support its findings. Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Further, [the court] must defer to an agency's decision even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ. [The court's] role is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony.

*Wright v. Missionary*, 321 F.3d 611, 614-15 (6th Cir. 2003) (internal citations and quotation omitted).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). "An ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). At the same time, the court may not make credibility determinations based solely upon "intangible or intuitive notions about an individual's credibility." *Rogers, supra* at 247, quoting Soc. Sec. Rul. 96-7p.

In determining whether the evidence is substantial, the court must "take into account

whatever in the record fairly detracts from its weight." *Wages v. Sec'y of Health & Human Servs.*, 755 F.2d 495, 497 (6th Cir. 1985). The Court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been relied upon by the ALJ. *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

### B. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation

Plaintiff objects that (1) the ALJ did not fully and fairly develop the record and (2) the ALJ did not allow Plaintiff to update the medical record. Plaintiff argues the same points that he presented to the Magistrate Judge in both his motion for remand (Dkt. No. 15) and his response to Defendant's motion for summary judgment (Dkt. No. 19). Having reviewed the record *de novo*, the Court denies the Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation.[1]

---

[1] Plaintiff claims that treatment records from the Veteran's Administration (VA) Hospital (TR 220-273) that were submitted to the Appeals Council should have been considered by the ALJ and sought a remand for further proceedings. While Plaintiff submitted its motion for a remand under sentence four, 42 U.S.C. § 405(g), which would have required reconsideration of the existing record, the Magistrate Judge also evaluated the claim under sentence six of 42 U.S.C. § 405(g), which would have required a consideration of "new and material evidence." Plaintiff did not object to the Magistrate Judge's denial of a sentence six remand, specifically stating in his objections that this Court should "remand for further proceedings pursuant to Sentence Four. . . ." (Pl.'s Obj. 7.) Defendant correctly points out that Plaintiff has never requested a sentence six remand and has waived its right to object to the Magistrate Judge's rejection of a sentence six remand. However, the Court agrees with the Magistrate Judge that Plaintiff would not be entitled to a sentence six remand had he requested one because he "failed to show that the new evidence [submitted to the Appeals Council] was material or submitted late with good cause." (Report and Recommendation, 7.) *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483-484 (6th Cir. 2006) (discussing the standards that must be met for a district court to order a sentence six remand, i.e. that the evidence is new, material and that there was good cause for not submitting the evidence during the administrative proceeding). *See also Green v. Comm'r of Soc. Sec.*, No. 08-11398, 2009 WL 2365557 at * 12 (E.D. Mich. July 29, 2008) (noting that claimant had not objected to the magistrate judge's sentence six findings but agreeing with the magistrate judge that the sentence six requirements for remand were not met where the evidence could have been obtained while the case was still subject to administrative review). Thus, not only does this Court conclude that the ALJ's

5

1. **Supplementation of the record.**

Plaintiff objects that the ALJ did not permit Plaintiff to update his medical record. In fact, the ALJ invited Plaintiff to submit post-hearing evidence, which Plaintiff did submit and which the ALJ referred to in his decision. After the hearing and before the ALJ issued his decision, Plaintiff submitted two VA service-connected disability decisions to the ALJ (TR 199-219) which the ALJ cited in his decision. (TR 29). Although Plaintiff now complains that he was prevented from presenting further evidence (which he ultimately submitted to the Appeals Council (TR 220-273)), it is undisputed that Plaintiff did in fact supplement the record before the ALJ with the two VA decisions and did not supplement the record any further, although the ALJ's decision was not issued until seven months after the hearing. It is the claimant's duty to provide the medical and other evidence in support of his claimed disability. *See* 20 C.F.R. §404.1512(a), (c); *Her v. Apfel*, 203 F.3d 388, 391 (6th Cir. 1999). Plaintiff had ample opportunity, and obviously knew how, to submit the records which in fact he failed to provide until nearly four months after the ALJ's decision and ten months after he submitted his post-hearing evidence. (TR 220).

2. **The ALJ fully and fairly developed the record.**

Plaintiff objects that the ALJ failed to fully and fairly develop the record. Upon questioning by the ALJ, Plaintiff knowingly waived his right to be represented at the hearing. (TR 277). Prior to the hearing, Plaintiff was sent numerous notices explaining his right to representation and providing him with resources to contact in the event that he chose to be represented at the hearing. (TR 33, 37, 39-41). Plaintiff concedes that he knowingly waived his right to representation but now

---

decision was supported by substantial evidence but agrees with the Magistrate Judge's rejection of a sentence six remand.

complains that his hearing was "abbreviated" and that records were missing that the ALJ should have considered.

First, the length of a hearing does not alone establish that it was inadequate. *See Born v. Sec'y of Health and Human Servs.*, 923 F.2d 1168, 1172 (6th Cir. 1990) (holding that brevity of a hearing alone does not render it insufficient where failure to extensively examine the claimant does not result in unfair or unsupported conclusions). Plaintiff has not established that further questioning by the ALJ in this case would have enhanced the determination of disability. As the Sixth Circuit noted in *Born*, "[e]ven if the ALJ had questioned claimant in greater detail concerning his ability to sit or stand, claimant's subjective complaints of pain must be supported by objective evidence." 923 F.2d at 1172. In the instant matter, the claimant was questioned about his past work, his treatment and medications, his daily activities and his subjective assessment of his own physical capabilities. The ALJ found that Plaintiff's statements about pain and persistence were not substantiated by the objective medical evidence. (TR 27). While Plaintiff complains that "there was very little questioning," Plaintiff has failed to "suggest what other information could have been brought forth by further questioning of him which would have enhanced a determination of disability." *Born, supra* at 1172. Nor is there any claim, as there was in *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048 (6th Cir. 1983), a case upon which Plaintiff relies, that Plaintiff was mentally impaired or that there were competing medical opinions which the ALJ failed to consider. *See Born, supra* at 1172 (also distinguishing *Lashley* on this basis).

Second, the Court agrees with the Magistrate Judge that the record contained sufficient objective evidence to support the ALJ's decision and that the material submitted to the Appeals Council does not merit a remand. Plaintiff does not challenge the ALJ's residual capacity

7

evaluation concerning Plaintiff's ability to perform the exertional demands of medium work. In fact, Plaintiff was working as a bank courier at the time of the hearing. Instead, Plaintiff argues that the ALJ did not fully develop the record. However, other than pointing to the existence of the belatedly submitted records, Plaintiff does not point to any specific facts in the record before the ALJ that should have been considered and that may have altered the ALJ's consideration of Plaintiff's physical impairments.

Moreover, Plaintiff does not point to any specific facts in the records submitted to the Appeals Council that may have altered the ALJ's ultimate conclusion. In fact, the late-filed evidence indicates that Plaintiff's condition had actually improved in late January and early February 2009, VA doctors finding that Plaintiff's "[f]unctional capacity [was] unlimited" and that his complaints of fatigue "appeared to be related to occupational exertion" rather than a medical condition. (TR 223). Plaintiff points to a note from a VA doctor stating that Plaintiff was "eligible for permanent disability," but the ALJ was already aware of, and indeed questioned Plaintiff at the hearing about, the fact that Plaintiff's VA disability was 100%. (TR 280). Plaintiff has failed to indicate what specific material the ALJ should have considered or how such material would have changed the outcome of the ALJ's determination. Nor has Plaintiff even suggested a good faith basis for failing to present the late-filed records in a timely fashion.

The Court agrees with the Magistrate Judge that the records submitted to the Appeals Council would not have been material to the ALJ's decision and that Plaintiff did not establish good cause for not introducing these records during the administrative process. *See Hollon, supra* at 483-484 (discussing the standards that must be met for a district court to order a sentence six remand and holding that material is only "new" if it was not available to the claimant at the time of the

8

administrative proceeding and only "material" if there is a reasonable probability that the ALJ would have reached a different disposition had the evidence been considered). Plaintiff has not even attempted such a showing in the instant case. This Court agrees with the Magistrate Judge's conclusion that the ALJ's decision was supported by substantial evidence and that "his decision to deny benefits was within the range of discretion allowed by law."

**III.   CONCLUSION**

For these reasons, the Court:

(1) ADOPTS the Magistrate Judge's Report and Recommendation GRANTING Defendant's Motion for Summary Judgment and DENYING Plaintiff's Motion to Remand (Dkt. No. 20);

(2) DENIES Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 21); and

(3) DISMISSES the action with prejudice.

**IT IS SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 26, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 26, 2010.

                                                S/Denise Goodine
                                                Case Manager